Jared L. Bryan (SBN 220925)
Jared.Bryan@jacksonlewis.com
Jina Lee (SBN 288002)
Jina.Lee@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380

Attorneys for Defendants
ENGINEER.AI CORP., SD SQUARED NORTH AMERICA LIMITED, and SACHIN DEV DUGGAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT HOLDHEIM, an individual<br><br>Plaintiff,<br><br>vs.<br><br>ENGINEER.AI CORP., a business association form unknown; SD SQUARED NORTH AMERICA LIMITED, doing business in California as SD2 NORTH AMERICA LIMITED, a Delaware corporation; SACHIN DEV DUGGAL, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-02187-PSG-RAO<br><br>[Re-Assigned to the Honorable Phillip S. Gutierrez]<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: February 19, 2019<br>Trial Date: Not Set |

TO THE HONORABLE COURT AND TO PLAINTIFF ROBERT HOLDHEIM AND HIS ATTORNEY OF RECORD:

Defendants ENGINEER.AI CORP., ("Engineer.ai"), SD SQUARED NORTH AMERICA LIMITED ('SD Squared"), and SACHIN DEV DUGGAL ("Duggal") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Rules 8 and 81 of the Federal Rules of Civil Procedure, hereby answer the correspondingly-numbered paragraphs of the Complaint filed by Plaintiff ROBERT

HOLDHEIM (hereinafter "Plaintiff"), and assert defenses as follows:

1. Answering Paragraph 1, Defendants are without sufficient knowledge or information regarding the allegations contained in Paragraph 1 of the Complaint and therefore deny the same.

2. Answering Paragraph 2(a), Defendants generally agree with Plaintiff's description of the Company. Defendants deny that Engineer.ai has its principal place of business in Los Angeles, California. Answering Paragraph 2(b), Defendants admit that SD Squared is a Delaware corporation. Defendants deny that SD Squared has its principal place of business in Los Angeles, California. Defendants are without sufficient knowledge or information regarding the allegations contained in Paragraph 2(b) of the Complaint and therefore deny the same. Answering Paragraph 2(c), Defendants admit that Sachin Dev Duggal is a co-founder of Engineer.ai and that he is a citizen of the United Kingdom. Defendants deny that Mr. Duggal is domiciled in California. Defendants are without sufficient knowledge or information regarding the allegations contained in Paragraph 2(c) of the Complaint and therefore deny the same.

3. Answering Paragraph 3, Plaintiff merely sets forth statements of law and Defendants are not obligated to respond to non-substantive averments.

4. Answering Paragraph 4, Defendants are without sufficient knowledge or information regarding the allegations contained in Paragraph 4 of the Complaint and therefore deny the same.

5. Answering Paragraph 5, Defendants deny that Engineer.ai, SD Squared or Mr. Duggal are citizens of or domiciled in California. Defendants admit that SD Squared is a Delaware corporation, but deny that it has its principal place of business in California. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 5 of the Complaint and therefore deny the same.

6. Answering Paragraph 6 (incorrectly numbered in the Complaint as Paragraph 4), Defendants are without sufficient knowledge or information regarding the

allegations contained in Paragraph 6 of the Complaint and therefore deny the same.

7. Answering Paragraph 7 (incorrectly numbered in the Complaint as Paragraph 5), Defendants generally agree with Plaintiff's description of the Company. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 7 of the Complaint and therefore deny the same.

8. Answering Paragraph 8 (incorrectly numbered in the Complaint as Paragraph 6), Defendants are without sufficient knowledge or information regarding the allegations contained in Paragraph 8 of the Complaint and therefore deny the same.

9. Answering Paragraph 9 (incorrectly numbered in the Complaint as Paragraph 7), Defendants admit that Mr. Duggal offered a position to Plaintiff in 2018. Defendants generally deny that Mr. Duggal "undertook active and concerted efforts to recruit HOLDHEIM to join his new company", or that he induced Plaintiff to leave Germany for the position with Engineer.ai. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 9 of the Complaint and therefore deny the same.

10. Answering Paragraph 10 (incorrectly numbered in the Complaint as Paragraph 8), Defendants admit that Plaintiff accepted a position with Engineer.ai, at a base salary of $200,000, plus certain other potential benefits. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 10 of the Complaint and therefore deny the same.

11. Answering Paragraph 11 (incorrectly numbered in the Complaint as Paragraph 9), Defendants generally deny the allegations that Plaintiff was induced to accept a position with Engineer.ai, or that he was promised the Company's No. 2 executive role. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 11 of the Complaint and therefore deny the same.

12. Answering Paragraph 12 (incorrectly numbered in the Complaint as Paragraph 10), Defendants deny that Mr. Duggal induced Plaintiff to move to California

or that Mr. Duggal promised Plaintiff the Company's No. 2 executive role. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 12 of the Complaint and therefore deny the same.

13. Answering Paragraph 13 (incorrectly numbered in the Complaint as Paragraph 11), Defendants deny that Engineer.ai's headquarters are located in the United States. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 13 of the Complaint and therefore deny the same.

14. Answering Paragraph 14 (incorrectly numbered in the Complaint as Paragraph 12), Defendants deny that Mr. Duggal had exclusive control over Engineer.ai's revenue and accounting. Defendants generally deny any impropriety with respect to Engineer.ai's books and records. Defendants also generally deny that there were any improper transfers of funds by Mr. Duggal. Defendants also deny that Mr. Duggal had a practice of "terminating employees on trumped-up charges shortly before their stock options vested." Defendants also generally deny that Mr. Duggal made personnel decision based on an alleged preference for male employees of Indian national descent. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 14 of the Complaint and therefore deny the same.

15. Answering Paragraph 15 (incorrectly numbered in the Complaint as Paragraph 13), Defendants generally deny that Mr. Duggal engaged in improper use of company funds. Defendants also deny that Plaintiff was the "No. 2 executive in the Company." Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 15 and therefore deny the same.

16. Answering Paragraph 16 (incorrectly numbered in the Complaint as Paragraph 14), Defendants generally deny that Mr. Duggal engaged in the practice of bringing foreign employees to work in the United States without appropriate visas. Defendants are without sufficient knowledge or information regarding the remaining allegations contains in Paragraph 16 and therefore deny the same.

17. Answering Paragraph 17 (incorrectly numbered in the Complaint as Paragraph 15), Defendants generally deny Plaintiff's allegations about the *Builder* technology and the Company's interactions with investors and potential investors. Defendants also deny that Plaintiff was the second highest-ranking executive within the Company. Defendants also deny that Plaintiff was terminated for "efforts to identify and cure a number of internal management problems". Defendants are without sufficient knowledge or information regarding the remaining allegations contains in Paragraph 17 and therefore deny the same.

18. Answering Paragraph 18 (incorrectly numbered in the Complaint as Paragraph 16), Defendants generally deny that Plaintiff raised concerns about Mr. Duggal's conduct. Defendants also deny that Mr. Duggal had a practice of intentionally terminating employees before their stock options grants would vest. Defendants also deny that Plaintiff was the second highest-ranking executive within the Company. Defendants are without sufficient knowledge or information regarding the remaining allegations contains in Paragraph 18 and therefore deny the same.

19. Answering Paragraph 19 (incorrectly numbered in the Complaint as Paragraph 17), Defendants generally deny that Plaintiff "engaged in protected activity," or that Plaintiff "repeatedly voiced concerns" about the alleged lack of diversity in the Company's workforce. Defendants also generally deny that foreign personnel was brought to work in the U.S. without appropriate visas. Defendants are without sufficient knowledge or information regarding the remaining allegations contains in Paragraph 19 and therefore deny the same.

20. Answering Paragraph 20 (incorrectly numbered in the Complaint as Paragraph 18), Defendants admit that Engineer.ai terminated Plaintiff's employment in 2019. Defendants deny that Mr. Duggal told Plaintiff that Plaintiff had been hired to be the No. 2 executive. Defendants also deny that the proffered reason for Plaintiff's termination was pretextual. Defendants are without sufficient knowledge or information regarding the remaining allegations contains in Paragraph 20 and therefore deny the

same.

21. Answering Paragraph 21 (incorrectly numbered in the Complaint as Paragraph 19), Defendants incorporate by reference each and every response contained in the preceding paragraphs 1 through 20 above.

22. Answering Paragraph 22 (incorrectly numbered in the Complaint as Paragraph 20), Plaintiff merely sets forth statements of law and Defendants are not obligated to respond to non-substantive averments.

23. Answering Paragraph 23, (incorrectly numbered in the Complaint as Paragraph 21), Defendants deny that Engineer.ai terminated Plaintiff's employment because of his race or age, or that the articulated termination reason was pretextual. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 23 of the Complaint and therefore deny the same.

24. Answering Paragraph 24 (incorrectly numbered in the Complaint as Paragraph 22), Defendants deny that they wrongfully discharged Plaintiff, that they are responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 24 of the Complaint and therefore deny the same.

25. Answering Paragraph 25 (incorrectly numbered in the Complaint as Paragraph 23), Defendants deny that they wrongfully discharged Plaintiff, that they are responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 25 of the Complaint and therefore deny the same.

26. Answering Paragraph 26 (incorrectly numbered in the Complaint as Paragraph 24), Defendants deny the allegations contained therein.

27. Answering Paragraph 27 (incorrectly numbered in the Complaint as Paragraph 25), Defendants incorporate by reference each and every response contained in

the preceding paragraphs 1 through 26 above.

28. Answering Paragraph 28 (incorrectly numbered in the Complaint as Paragraph 26), Plaintiff sets forth statements of law and Defendants are not obligated to respond to non-substantive averments. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 28 of the Complaint and therefore deny the same.

29. Answering Paragraph 29 (incorrectly numbered in the Complaint as Paragraph 27), Defendants admit that Engineer.ai was aware of Plaintiff's national origin and age at the time of Plaintiff's termination. Defendants deny the remaining allegations contained therein.

30. Answering Paragraph 30, (incorrectly numbered in the Complaint as Paragraph 28), Defendants deny the allegations contained therein.

31. Answering Paragraph 31 (incorrectly numbered in the Complaint as Paragraph 29), Defendants admit that Engineer.ai terminated Plaintiff's employment in 2019, but deny that the articulated reason for his termination was false and pretextual, and a cover-up for unlawful national origin and/or age discrimination. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 31 of the Complaint and therefore deny the same.

32. Answering Paragraph 32 (incorrectly numbered in the Complaint as Paragraph 30), Defendants are without sufficient knowledge or information regarding the allegations contained in Paragraph 32 of the Complaint and therefore deny the same.

33. Answering Paragraph 33 (incorrectly numbered in the Complaint as Paragraph 31), Defendants deny that they wrongfully terminated Plaintiff, that they are responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 33 of the Complaint and therefore deny the same.

34. Answering Paragraph 34 (incorrectly numbered in the Complaint as

Paragraph 32), Defendants deny that they wrongfully terminated Plaintiff, that they are responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 34 of the Complaint and therefore deny the same.

35. Answering Paragraph 35 (incorrectly numbered in the Complaint as Paragraph 33), Defendants deny that Plaintiff is entitled to recovery of attorney's fees, costs, or expenses in this action.

36. Answering Paragraph 36, (incorrectly numbered in the Complaint as Paragraph 34), Defendants deny the allegations contained therein.

37. Answering Paragraph 37 (incorrectly numbered in the Complaint as Paragraph 35), Defendants incorporate by reference each and every response contained in the preceding paragraphs 1 through 36 above.

38. Answering Paragraph 38 (incorrectly numbered in the Complaint as Paragraph 36), Plaintiff merely sets forth statements of law and Defendants are not obligated to respond to non-substantive averments.

39. Answering Paragraph 39 (incorrectly numbered in the Complaint as Paragraph 37), Defendants admit that Plaintiff's employment was terminated. Defendants deny that Plaintiff engaged in protected activity by voicing complaints about and opposing discriminatory practices, or that the articulated reason for Plaintiff's termination was pretextual. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 39 of the Complaint and therefore deny the same.

40. Answering Paragraph 40 (incorrectly numbered in the Complaint as Paragraph 38), Defendants are without sufficient knowledge or information regarding the allegations contained in Paragraph 40 of the Complaint and therefore deny the same.

41. Answering Paragraph 41 (incorrectly numbered in the Complaint as Paragraph 39), Defendants deny that they wrongfully terminated Plaintiff, that they are

responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 41 of the Complaint and therefore deny the same.

42. Answering Paragraph 42 (incorrectly numbered in the Complaint as Paragraph 40), Defendants deny that they retaliated against Plaintiff, that they are responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 42 of the Complaint and therefore deny the same.

43. Answering Paragraph 43 (incorrectly numbered in the Complaint as Paragraph 41), Defendants deny that Plaintiff is entitled to recovery of attorney's fees, costs, or expenses in this action.

44. Answering Paragraph 44 (incorrectly numbered in the Complaint as Paragraph 42), Defendants deny the allegations contained therein.

45. Answering Paragraph 45 (incorrectly numbered in the Complaint as Paragraph 43), Defendants incorporate by reference each and every response contained in the preceding paragraphs 1 through 44 above.

46. Answering Paragraph 46 (incorrectly numbered in the Complaint as Paragraph 44), Plaintiff merely sets forth statements of law and Defendants are not obligated to respond to non-substantive averments.

47. Answering Paragraph 47 (incorrectly numbered in the Complaint as Paragraph 46), Defendants deny that Defendants breached their statutory duty and obligation to prevent discrimination against Plaintiff, or that Plaintiff was injured or damages in any amount as a result of Defendants' conduct. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 47 of the Complaint and therefore deny the same.

48. Answering Paragraph 48 (incorrectly numbered in the Complaint as

Paragraph 45), Defendants are without sufficient knowledge or information regarding the allegations contained in Paragraph 48 of the Complaint and therefore deny the same.

49. Answering Paragraph 49 (incorrectly numbered in the Complaint as Paragraph 46), Defendants deny that they wrongfully terminated Plaintiff, that they are responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 49 of the Complaint and therefore deny the same.

50. Answering Paragraph 50 (incorrectly numbered in the Complaint as Paragraph 47), Defendants deny that they failed to prevent retaliation against Plaintiff or wrongfully terminated Plaintiff, that they are responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 50 of the Complaint and therefore deny the same.

51. Answering Paragraph 51 (incorrectly numbered in the Complaint as Paragraph 48), Defendants deny that Plaintiff is entitled to recovery of attorney's fees, costs, or expenses in this action.

52. Answering Paragraph 52 (incorrectly numbered in the Complaint as Paragraph 49), Defendants deny the allegations contained therein.

53. Answering Paragraph 53 (incorrectly numbered in the Complaint as Paragraph 50), Defendants incorporate by reference each and every response contained in the preceding paragraphs 1 through 52 above.

54. Answering Paragraph 54 (incorrectly numbered in the Complaint as Paragraph 51), Plaintiff merely sets forth statements of law and Defendants are not obligated to respond to non-substantive averments.

55. Answering Paragraph 55 (incorrectly numbered in the Complaint as Paragraph 52), Defendants generally deny that Mr. Duggal "extensively recruited and

"solicited" Plaintiff to become an employee of Engineer.ai. Defendants generally deny that any representations to Plaintiff concerning his employment were knowingly false, or that Mr. Duggal intentionally misled Plaintiff or fraudulently induced him to sign an "at-will" agreement. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 55 of the Complaint and therefore deny the same.

56. Answering Paragraph 56 (incorrectly numbered in the Complaint as Paragraph 53), Plaintiff merely sets forth statements of law and Defendants are not obligated to respond to non-substantive averments.

57. Answering Paragraph 57 (incorrectly numbered in the Complaint as Paragraph 54), Defendants deny that they wrongfully terminated Plaintiff, that they are responsible in any manner for the events and happenings referred to in Plaintiff's Complaint, and/or that their conduct caused any injuries or damages to Plaintiff. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 57 of the Complaint and therefore deny the same.

58. Answering Paragraph 58 (incorrectly numbered in the Complaint as Paragraph 55), Plaintiff merely sets forth statements of law and Defendants are not obligated to respond to non-substantive averments.

59. Answering Paragraph 59 (incorrectly numbered in the Complaint as Paragraph 56), Defendants incorporate by reference each and every response contained in the preceding paragraphs 1 through 58 above.

60. Answering Paragraph 60 (incorrectly numbered in the Complaint as Paragraph 57), Defendant deny that Plaintiff detrimentally relied on any unfulfilled oral promises by Mr. Duggal. Moreover, Plaintiff sets forth statements of law and Defendants are not obligated to respond to non-substantive averments.

61. Answering Paragraph 61 (incorrectly numbered in the Complaint as Paragraph 58), Defendants deny that Plaintiff was induced to relocate to California by reasonable reliance on misrepresentations by one or more Defendants. Defendants are

without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 61 of the Complaint and therefore deny the same.

62. Answering Paragraph 62 (incorrectly numbered in the Complaint as Paragraph 59), Defendants deny that Plaintiff reasonably and justifiably relied on the alleged promises and representations made to him prior to and during his employment with Defendants.

63. Answering Paragraph 63 (incorrectly numbered in the Complaint as Paragraph 60), Defendants deny that Plaintiff was terminated in retaliation for opposition to unlawful practices. Defendants also deny that Plaintiff has been injured or sustained damages as a result of any conduct of Defendants. Plaintiff also sets forth statements of law and Defendants are not obligated to respond to non-substantive averments. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 63 of the Complaint and therefore deny the same.

64. Answering Paragraph 64 (incorrectly numbered in the Complaint as Paragraph 61), Defendants incorporate by reference each and every response contained in the preceding paragraphs 1 through 63 above.

65. Answering Paragraph 65 (incorrectly numbered in the Complaint as Paragraph 62), Defendants deny that Defendants made defamatory statements about Plaintiff to third parties from November 2018 to the present. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 65 of the Complaint and therefore deny the same.

66. Answering Paragraph 66 (incorrectly numbered in the Complaint as Paragraph 63), Defendants deny communicating defamatory statements about Plaintiff to third parties. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 66 of the Complaint and therefore deny the same.

67. Answering Paragraph 67 (incorrectly numbered in the Complaint as Paragraph 64), Defendants deny the allegations contained therein.

68. Answering Paragraph 68 (incorrectly numbered in the Complaint as Paragraph 65), Defendants deny that they made defamatory statements about Plaintiff, or that Plaintiff has suffered injuries or been damaged in any amount due to Defendants' conduct. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 68 of the Complaint and therefore deny the same.

69. Answering Paragraph 69 (incorrectly numbered in the Complaint as Paragraph 66), Defendants deny that they made defamatory statements about Plaintiff, or that Plaintiff has suffered injuries or been damaged in any amount due to Defendants' conduct. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in Paragraph 69 of the Complaint and therefore deny the same.

70. Answering Paragraph 70 (incorrectly numbered in the Complaint as Paragraph 67), Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to Plaintiff's Complaint, Defendants allege the following:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendants to the extent Plaintiff has failed to allege each and every element of each of his alleged claims.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action, is barred in whole or in party by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that this Court lacks jurisdiction over such claims to the extent that

Plaintiff has failed to timely and fully exhaust his administrative remedies against Defendants, as required by law, prior to commencing this civil action.

### FOURTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code Sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and/or failed to comply with the reasonable expectations of his employer as required by California law.

### FIFTH AFFIRMATIVE DEFENSE

Any damages for alleged harassment, discrimination, or retaliation are limited by the avoidable consequences doctrine, in that: (1) Defendants exercised reasonable steps to prevent and/or correct any workplace behavior alleged be unlawful; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendants provided; and (3) reasonable use of the procedures would have prevented at least some of the harm that Plaintiff suffered.

### SIXTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims is barred by the doctrines of consent.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims is barred by the doctrines of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims is barred by the doctrines of laches.

### NINTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because, assuming, *arguendo*, that unlawful reasons had been a substantial motivating factor in any employment decision toward Plaintiff, Defendants would have made the same employment decisions toward Plaintiff for separate legitimate and lawful business reasons.

///

### TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint and the requests for relief are barred, in whole or in part, to the extent Plaintiff failed to satisfy his duty to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an offset for any monies received by Plaintiff from any source in compensation for his alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under Witt v. Jackson, 57 Cal.2d 57 (1961) and its progeny.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted by law or that are in excess of the limits imposed by applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking recovery against Defendants for any emotional or physical injury as this Court lacks jurisdiction and such recovery is barred by the exclusivity remedy provisions under the California Workers' Compensation Act, Labor Code Sections 3200, et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Defendants determine or discover information that, if known earlier to Defendants, would have led to the termination of Plaintiff's employment, then his claims are barred and/or potential damages should be reduced pursuant to the after-acquired evidence doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has accepted other employment and been discharged for cause from such employment, he is barred from receiving equitable remedies.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff previously has pursued the same claim, or part of a claim, in any court or administrative forum.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for defamation is barred because Defendants' statements (which are disputed) about Plaintiff were true, or substantially true.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for defamation is barred because Defendants' statements (which are disputed) were made without malice on subjects of mutual interest.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each alleged claim is barred, in whole or in part, because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff comes to this Court with unclean hands, and is, therefore, barred from recovery under this Complaint, or any claim thereof.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants reserve the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, having answered the Complaint, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That judgment be entered in favor of Defendants, and each of them, and against Plaintiff, and that the Complaint be dismissed with prejudice;
3. That Defendants be awarded their attorneys' fees incurred in defending against this action;
4. That Defendants be awarded their costs of suit; and
5. For such other and further relief as the Court may deem just and proper.

///

///

| | | |
|---|---|---|
| 1 | DATED: March 29, 2019 | JACKSON LEWIS P.C. |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Jared L. Bryan |
| 5 | | Jina Lee |
| 6 | | Attorneys for Defendants<br>ENGINEER.AI CORP., SD SQUARED NORTH AMERICA LIMTED and SACHIN DEV DUGGAL |

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CASE NAME:** ROBERT HOLDHEIM vs. ENGINEER.AI CORP., et al.

**CASE NUMBER: 2:19-cv-02187-PSG-RAO**

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618.

On March 29, 2019, I served the foregoing document(s) described as:

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Robert Holdheim<br>821 Bay St., No. C4<br>Santa Monica, CA 90405 | Plaintiff |
| Barry B. Kaufman, Esq.<br>Law Offices of Barry B. Kaufman, APC<br>16133 Ventura Blvd., Suite 700<br>Encino, CA  91436 | Attorney for Plaintiff ROBERT HOLDHEIM |

**[XX] BY MAIL**

[ ] I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid.

[XX] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX] FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 29, 2019, at Irvine, California.

_____
Jamileh Sarabian

4820-2419-3679, v. 3

CASE NO. 2:19-CV-02187-PSG-RAO                                                    PROOF OF SERVICE