UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-2187 PSG (RAOx) | Date | June 5, 2019 |
|---|---|---|---|
| Title | Robert Holdheim v. Engineer AI Corp., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court GRANTS Plaintiff's motion to remand

Before the Court is a motion to remand filed by Plaintiff Robert Holdheim ("Plaintiff"). *See* Dkt. # 18 ("*Mot.*"). Defendants Engineer AI Corp. ("EAI"), SD Squared North America ("SD Squared") and Sachin Dev Duggal ("Duggal") (collectively, "Defendants") oppose the motion, *see* Dkt. # 19 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 20 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7–15. Having considered the moving papers, the Court **GRANTS** Plaintiff's motion. However, Plaintiff's request for attorneys' fees and costs is **DENIED**.

I.  Background

   A.  Factual Background

EAI, a Delaware corporation, is a start-up technology company founded in 2012 by Duggal and his friend, Saurabh Dhoot. *See Mot.* 2:18–20. In 2015, it registered to do business in California, under the name "SD Squared." *See id.* 3:3–12; *Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶ 7. The filing with the Delaware Secretary of State shows that SD Squared changed its name to EAI on September 19, 2018. *See Mot.* 7:13–14. However, this name change was not filed with the California Secretary of State, and the company remains registered in California as "SD Squared North America Limited." *See id.* 7:14–16. Plaintiff alleges that Duggal, a citizen of the United Kingdom, is the principal owner of EAI and SD Squared. *See id.* 9:12–13; *Complaint*, Dkt. # 1-1 ("*Compl.*"), ¶ 2(c).

Plaintiff, a California citizen, worked as Chief Business Officer ("CBO"), the second-highest executive officer, at EAI from May 2018 to February 2019. *See Mot.* 2:20–24; *Compl.* ¶ 7. In his role as CBO, Plaintiff was tasked with moving the company's corporate headquarters

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2187 PSG (RAOx) | Date | June 5, 2019 |
|---|---|---|---|
| Title | Robert Holdheim v. Engineer AI Corp., et al. | | |

from its original location in San Francisco to Los Angeles and managing the company by hiring qualified senior-level personnel. *See Mot.* 2:24–28. In early May 2018, Plaintiff joined the company, moved from Germany to California, and began relocating the corporate headquarters from San Francisco to Los Angeles. *See Mot.* 2:28–3:2; *Compl.* ¶¶ 7, 9, 11.

In this suit against his former employer, Plaintiff alleges that he was wrongfully terminated because, among other things, he expressed disagreement with the company's discriminatory hiring practices and internal mismanagement, including Duggal's alleged misuse of investor funds. *See Compl.* ¶¶ 12–13; *Mot.* 4:11–17. On February 2, 2019, Plaintiff was informed by Human Resources Manager Ronda Fraley that he was being terminated for allegedly forwarding e-mails from his company account to his personal e-mail account in violation of company policy. *See Mot.* 4:22–6:4; *Compl.* ¶ 18. Plaintiff claims no such policy existed and that the articulated justification for his termination was merely pretextual. *See Mot.* 5:3–4.

### B. Procedural Background

On February 19, 2019, Plaintiff filed a complaint against Defendant in Los Angeles Superior Court. *See generally Compl.* The complaint alleges that Defendants wrongfully terminated Plaintiff. *See id.* ¶¶ 19–24, 29. The complaint further brings claims for age discrimination, retaliation, failure to prevent discrimination, solicitation of employee by misrepresentation in violation of California Labor Code § 970, promissory estoppel, and defamation. *See id.* ¶¶ 25–67. Plaintiff seeks at least $5 million for each of his first six causes of action and more than $ 1million for his defamation claim. *See NOR* ¶ 11.

On March 22, 2019, Defendants jointly removed the case to this Court, asserting diversity jurisdiction. *See generally id*.

Plaintiff now moves to remand on the grounds that (1) Defendants' removal was untimely, and that (2) there is no complete diversity. *See Mot.* 2:1–11. Plaintiff further seeks attorneys' fees and costs for the removal. *See id.* 2:11–14.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2187 PSG (RAOx) | Date | June 5, 2019 |
|---|---|---|---|
| Title | Robert Holdheim v. Engineer AI Corp., et al. | | |

to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). In fact, district courts have an "independent obligation to address [subject-matter jurisdiction] sua sponte." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) (internal quotation marks omitted). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper, and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III. Discussion

Plaintiff contends that the matter should be remanded because (1) Defendants' removal was untimely and (2) they have failed to show that the Court has diversity jurisdiction over the case by a preponderance of evidence. *See generally Mot.* For the reasons discussed below, the Court agrees with Plaintiff that Defendants have not adequately shown that there is a complete diversity of citizenship between the parties. As such, the Court does not reach Plaintiff's argument that the removal was untimely.

    A. Diversity Jurisdiction

In removing this case, Defendants invoked the Court's diversity jurisdiction. *See NOR* ¶ 1. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and more than $75,000 must be in controversy. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a).

Here, the parties do not dispute that the amount in controversy requirement is met because Plaintiff seeks more than $31 million in damages. *See generally Compl.*, Prayer for Relief; *NOR* ¶ 11. However, the parties dispute whether they are completely diverse.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2187 PSG (RAOx) | Date | June 5, 2019 |
|---|---|---|---|
| Title | Robert Holdheim v. Engineer AI Corp., et al. | | |

Complete diversity of citizenship exists only if no plaintiff and no defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a). It this case, it is undisputed that Plaintiff is a citizen of California, *see NOR* ¶ 4; *Mot.* 6:3–5, and that Defendant Duggal is a citizen of the United Kingdom. *See Mot.* 9:16–17. The dispute is regarding Defendants EAI's and SD Squared's citizenship.

A corporation is a citizen of its state(s) of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). EAI, formerly known as SD Squared, is incorporated in Delaware, so it is a citizen of Delaware.[1] *See NOR* ¶ 5; *Mot.* 7:4–5. However, the parties disagree on the location of EAI's principal place of business. Defendants assert that EAI's principal place of business is in Gurugram, India, *see Opp.* 4:2–3; *NOR* ¶¶ 4–8, while Plaintiff claims that EAI has its principal place of business in California, *see Mot.* 16:1–9. Because the sole Plaintiff in this case is a citizen of California, complete diversity exists only if EAI's principal place of business is located somewhere outside of California. *See Mot.* 16:1–9.

The party asserting diversity jurisdiction—here, Defendant—bears the burden of proving the location of the corporation's place of business by a preponderance of evidence. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). A corporation's principal place of business, for diversity jurisdiction purposes, is its "nerve center"—the place where its officers direct, control, and coordinate the corporation's activities. *See id.* at 92–93. In practice, this is normally the place where the corporation maintains its headquarters. *See id.* at 93. However, a corporation's "nerve center" is not always the location listed as its headquarters and may sometimes be difficult to ascertain, where, for example, several "headquarters" exist and high-level operations are conducted out of multiple locations. *See id.* at 95–96.

Defendants assert that EAI's "nerve center" is in India, based on the declarations of Defendant and CEO Duggal, and Ronda Fraley, the Director of Human Resources who had worked for EAI for only two months at the time she signed her declaration. *See Opp.* 4:2–3; *Declaration of Sachin Dev Duggal*, Dkt. # 19-1 ("*Duggal Decl.*"), ¶ 1; *Declaration of Ronda Fraley*, Dkt. # 1-3 ("*Fraley Decl.*"), ¶ 4. Both Duggal and Fraley claim that high-level decisions are coordinated with two C-level executives, namely Defendant Duggal (CEO), who lives and works in London, and Dhoot (Chief Strategy Officer), who lives and works in India. *Duggal Decl.* ¶ 3 ("Dhoot and I make high level decisions for and coordinate Engineer.ai's business

---

[1] Because SD Squared is the former name of EAI, SD Squared's citizenship follows and matches that of EAI. Therefore, moving forward, the Court refers both EAI and SD Squared as EAI only.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2187 PSG (RAOx) | Date | June 5, 2019 |
|---|---|---|---|
| Title | Robert Holdheim v. Engineer AI Corp., et al. | | |

operations, finances, and accounting from London and India."); *Fraley Decl.* ¶¶ 3–4. Duggal further claims that four of the seven Senior Vice Presidents are located in India, two in the United Kingdom, and only one, Alex Godelmen, in Los Angeles. *Duggal Decl.* ¶ 3. He also asserts that only 25 of EAI's 150 employees work in Los Angeles, in a temporary "WeWork" office space. *Id.*

First, the Court does not find that the number of employees or the nature of the office space in Los Angeles has much probative value, because *Hertz's* "nerve center" test focuses on where the high-level officers conduct activities, not where the majority of employees work. Second, Plaintiff disputes Duggal's assertion that the majority of the company's "Senior Vice Presidents" are located outside of California. *Supplemental Declaration of Robert Holdheim*, Dkt. # 20-1 ("*Supp. Holdheim Decl.*"), ¶ 8. Plaintiff claims that none of the senior-level employees ever had an SVP title. *Id.* Moreover, Plaintiff avers that Defendants have conveniently failed to include other senior managers based in Los Angeles in addition to Alex Godelman, who oversees engineering and technology, including Ronda Fraley, the Director of Human Capital, who oversees human resources and communications, John Keefer, Head of North American and EU Revenue, who oversees sales, and Alison Sparico, Global Head of Marketing, Brand, and Experiential, who oversees marketing and communication functions. *Id.*

Even if the Court were to focus its analysis only on the C-level executives, it finds that Defendants have not demonstrated that EAI's "nerve center" is in London or India. Duggal has asserted that he and Dhoot make "high level decisions for and coordinate Engineer.ai's business operations, finances, and accounting from London and India." *Duggal Decl.* ¶ 3. But finance and accounting are not enough to operate a business. Duggal conveniently fails to disclose the location where other departments of the company—for instance, sales, marketing, engineering, and human resources—are based. These functions were allegedly carried out from California by Plaintiff as the CBO, *See Declaration of Robert Holdheim*, Dkt. # 14-1 ("*Holdheim Decl.*"), ¶ 7 (testifying that he was tasked with "overseeing sales worldwide, hiring sales, marketing and administrative personnel for the U.S. headquarters, and managing senior personnel at EAI/SD Square's satellite office located in . . . India"), but Duggal fails to indicate who in the company now performs these responsibilities after Plaintiff's departure.

Most importantly, the Court does not find Duggal's declaration credible. To date, Defendants have repeatedly represented to the public that EAI's principal place of business is in California. According to the Delaware Secretary of State, SD Squared was originally incorporated on November 20, 2015, with its principal place of business listed as San Francisco, California. *See Declaration of Barry B. Kaufman*, Dkt. # 15, Ex D. The company then

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2187 PSG (RAOx) | Date | June 5, 2019 |
|---|---|---|---|
| Title | Robert Holdheim v. Engineer AI Corp., et al. | | |

registered as a foreign corporation with the California Secretary of State on December 2, 2015, under the name "SD Squared North America Limited," and listed its "Corporate Office" and "Principal Executive Office" as San Francisco, California. *Id.*, Ex. E. EAI's subsequent corporate records filed with the California Secretary of State continue to state as such. *See id.*, Exs. F–G. EAI's current website, as well as Duggal's LinkedIn profile and blog posts, all state that the company is "headquartered" in California. *See Reply* 7:18–20. And during an interview given three days before Plaintiff was terminated, Duggal stated that EAI is "split headquartered between London and LA," which is corroborated by an article on EAI's website that states that EAI is "[c]o-headquartered in Los Angeles and London." *See Declaration of Bruce W. Pixley*, Dkt. # 14-2, ¶¶ 1, 7. None of these materials say anything about the company being headquartered in India.

Plaintiff has also demonstrated that Duggal has personally made representations to him that California was EAI's headquarters. During his recruitment, Duggal told him that the company had its "global corporate headquarters" in California and that its "principal place of business" was in San Francisco. *Holdheim Decl.* ¶ 9. To support his claim, Plaintiff presents text messages from Duggal, sent in October 2018 on WhatsApp. *See Mot*. 6:20–21; *Holdheim Decl.*, Ex. C, 1–3 (stating that "there is only one U.K. role and that's for marketing," "US is HQ as US is where product engineering bd/sales and bulk of non-India team will be," "LA is HQ," "our only independent board member is in LA," "the company domicile is CA," and "the UK is the split, second HQ").

In his declaration, Duggal states that "Engineer.ai/SD Squared has always maintained its principle [sic] place of business at Gurugram, India," *see Duggal Decl.* ¶ 3, but never explains why he had made numerous representations to the public and Plaintiff that the company headquarters was in California. The fact that he has completely contradicted Defendants' prior representations to stake out a position that is more convenient for this suit raises a strong suspicion of jurisdictional manipulation, adding to the Court's concerns regarding Defendants' allegations.

In sum, the Court finds that Defendants have not met their burden to show by a preponderance of evidence that EAI's principal place of business is somewhere other than California. Particularly in light of the "strong presumption against removal jurisdiction," *see Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), the Court concludes that any ambiguity in Defendants' evidence must be resolved in Plaintiff's favor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2187 PSG (RAOx) | Date | June 5, 2019 |
|---|---|---|---|
| Title | Robert Holdheim v. Engineer AI Corp., et al. | | |

The Court therefore **GRANTS** Plaintiff's motion to remand on the ground of lack of subject matter jurisdiction.

### B. Plaintiff's Request for Award of Attorneys' Fees and Costs

Plaintiff asks the Court to award him attorneys' fees and costs incurred in preparing this motion. *See Mot.* 3:18–21. Under the relevant federal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that the current case does not meet this standard. Defendants removed the case based on the argument that EAI's principal place of business is in India and that complete diversity exists between the parties. While the Court agrees that Defendants have failed to establish complete diversity by a preponderance of evidence, it does not find that it was objectively unreasonable for Defendants to believe that the principal place of business was in India, given the spread-out nature of the business.

The Supreme Court has emphasized that Congress intended to provide litigants with a federal forum for determining whether federal jurisdiction exists. *See Martin*, 546 U.S. at 140. It expressed concern that if fees and costs were frequently awarded when cases were remanded, defendants would only exercise their removal right in the most obvious of cases. *Id.* Here, the Court finds that there was a bona fide dispute over whether federal jurisdiction exists. Although the Court ultimately did not find that it has jurisdiction in this matter, it concludes that Defendants' removal was not objectively unreasonable. Plaintiff's request for an award of attorneys' fees and costs is therefore **DENIED**.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion and **REMANDS** the case to Los Angeles Superior Court (Case No.19STCV05103). Plaintiff's request for attorneys' fees and costs is **DENIED**. This order closes the case.

**IT IS SO ORDERED.**